2026 UT App 84

## THE UTAH COURT OF APPEALS

TRACY TAYLOR, LINDY REIOUX, AND JOSEPH BARNEY,
Appellants,
*v.*
HEBER CITY,
Appellee.

Opinion
No. 20250940-CA
Filed May 29, 2026

Fourth District Court, Heber Department
The Honorable Jennifer A. Mabey
No. 250500025

John T. Gadd, Attorney for Appellants

Jeremy R. Cook and Andrew W. Houlin,
Attorneys for Appellee

JUDGE AMY J. OLIVER authored this Opinion, in which
JUDGES MICHELE CHRISTIANSEN FORSTER and RYAN D. TENNEY
concurred.

OLIVER, Judge:

¶1　Tracy Taylor, Lindy Reioux, and Joseph Barney (collectively, Appellants) filed a ballot referendum application seeking to overturn a recently passed city ordinance. Heber City (the City) denied their application as untimely because the relevant ordinance had passed on December 17, 2024, and Appellants did not file their application until January 23, 2025—well past the statutorily imposed deadline. Appellants sought judicial review of the denial. The district court granted summary judgment to the City, concluding that Appellants did not timely file their application as required by the relevant statute. On appeal, Appellants argue the relevant ordinance was not passed on December 17, 2024, but was instead passed on January 21, 2025,

making their ballot referendum application timely. We disagree and affirm the district court's grant of summary judgment.

BACKGROUND[1]

¶2     At its December 17, 2024 meeting, the Heber City Council (Council) discussed a proposed ordinance concerning the North Village Development Annexation (the Ordinance). As proposed, the Ordinance would have been effective immediately. Following discussion and public comment on the Ordinance, a council member made a motion to approve the Ordinance, "contingent" on the subsequent execution of two development agreements. The City's attorney explained that the Ordinance originally contained language making the Ordinance effective upon approval by the Council and asked the council member if he intended to amend that language. In response, the council member "amended his motion to clarify that the Ordinance would be contingent upon the approval and execution of" the two development agreements. The Council then voted on the motion to approve the Ordinance, which passed with three votes in favor and two against.[2]

¶3     The two development agreements were then discussed at the Council's meeting on January 21, 2025. Both development

---

1. "When reviewing a motion for summary judgment, we recite the facts in the light most favorable to the non-moving party." *Burton v. Chen*, 2023 UT 14, ¶ 5 n.2, 532 P.3d 1005 (cleaned up).

2. When the Ordinance was executed in early February 2025, its final language stated: "This Ordinance shall take effect upon approval by the City Council and execution by Heber City of both the Development Agreement for the Harvest Village Mixed Use Development and the Development Agreement for the North Village Crossings."

agreements were approved at this meeting by a vote of four in favor and one opposed.

¶4 Two days later, on January 23, 2025, Appellants filed a ballot referendum application seeking to overturn the Ordinance. The City rejected their application, concluding it was not timely filed pursuant to Utah Code, which required a referendum application to be filed within five days of the passage of a local law. *See* Utah Code § 20A-7-601(6) (2024).[3] The statute specified that "[s]ponsors of any referendum petition challenging . . . any local law passed by a local legislative body shall file the application before 5 p.m. within five days after the day on which the local law was passed." *Id.* The City determined the Ordinance was passed by the Council at the December 17, 2024 meeting, and, therefore, Appellants' application was filed more than five days after its passage.

¶5 Appellants then sought judicial review of this denial in the district court, arguing the City was incorrect when it determined the Ordinance had passed on December 17, 2024, because the Ordinance should not have been considered passed until the two development agreements had been approved on January 21, 2025. The City moved for summary judgment, arguing the Ordinance had passed in December and Appellants' January application was untimely, so the "City correctly determined that the Application was not referable to voters." The district court agreed, concluding the Ordinance had passed—as the word is used in Utah Code

---

3. The language of this statute was amended in 2026 and now reads, "Sponsors of any referendum petition challenging . . . any local law passed by a local legislative body shall file the application no later than the first business day that is at least five days after the day on which the local law was passed." Utah Code § 20A-7-601(6) (2026). We apply the statutory language that was in effect at the time of the events at issue. *See North Fork Special Serv. Dist. v. Bennion*, 2013 UT App 1, ¶ 27, 297 P.3d 624.

section 20A-7-601(6)—on December 17, 2024. The court then concluded that because the Ordinance had passed in December 2024, Appellants' application filed in January 2025 was untimely. Accordingly, the court granted summary judgment in favor of the City.

## ISSUE AND STANDARD OF REVIEW

¶6 Appellants appeal the district court's grant of summary judgment to the City. We review a grant of summary judgment for correctness. *See, e.g., Bahr v. Imus*, 2011 UT 19, ¶ 12, 250 P.3d 56.

## ANALYSIS

¶7 Appellants assert the district court erred in determining the Ordinance passed on December 17, 2024. Based on the statutory interpretation of the term "passed," as articulated in *Bissland v. Bankhead*, 2007 UT 86, ¶ 11, 171 P.3d 430, they argue that the Ordinance did not pass until January 21, 2025. According to Appellants, because the Ordinance was amended at the December 17 meeting to be contingent upon the execution of the two development agreements, passage of the Ordinance did not occur until the Council approved the development agreements on January 21, 2025.

¶8 The City asserts this argument was not properly preserved for two reasons: (1) the minutes and video recordings of the Council meetings cited by Appellants in support of their argument are not contained in the record and (2) Appellants argued below that *Bissland* was inapplicable to this case. We are unpersuaded by the City's preservation argument. First, while the City is correct that the video recordings of the meetings are not contained in the record, the meeting minutes are contained in the record. Second, the issue of the Ordinance's passage date was

clearly "raise[d] . . . before the district court specifically . . . in such a way that the [district] court ha[d] an opportunity to rule on it." *True v. Utah Dep't of Transp.*, 2018 UT App 86, ¶ 24, 427 P.3d 338 (cleaned up). Under our preservation principles, Appellants are not limited to the *Bissland* interpretation they advanced below. "New arguments, when brought under a properly preserved issue or theory, do not require an exception to preservation . . . ." *Id.* ¶ 32 (cleaned up). Accordingly, Appellants properly preserved this issue for appeal.[4]

¶9    Turning to the merits of the appeal, Appellants are correct that *Bissland* articulates Utah's standard for determining when a city ordinance was passed. *See* 2007 UT 86, ¶ 11. There, our supreme court determined that a city ordinance is considered "passed" when "the deliberative process required of the . . . Council" is completed, not when "the last ministerial formality that must be bestowed on a legislative act" occurs. *Id.* ¶¶ 9, 11. Here, the Council voted on the Ordinance on December 17, 2024, and the Ordinance received three votes in favor and two votes in opposition. The meeting minutes themselves plainly state that the Ordinance "[p]assed 3–2." And while the Ordinance was amended prior to the vote to be "contingent upon the approval and execution of" the two development agreements, that contingency did not mean the Ordinance did not pass upon the Council's vote. Rather, it simply functioned to delay the

---

4. Appellants request attorney fees under rule 33 of the Utah Rules of Appellate Procedure for the time spent responding to the City's preservation argument. We apply sanctions under rule 33 "only in egregious cases, lest there be an improper chilling of the right to appeal erroneous lower court decisions." *Staszkiewicz v. Thomas*, 2024 UT App 183, ¶ 23 n.3, 562 P.3d 723 (cleaned up), *cert. denied*, 568 P.3d 260 (Utah 2025). We decline to impose such fees here because we do not view the City's argument as egregious, particularly where the video recordings of the Council's meetings were not in the record on appeal.

Ordinance's effective date until the execution of the additional agreements. Thus here, like in *Bissland*, "passage occurred when three of the five members of the . . . [C]ouncil voted for the . . . [O]rdinance." *Id.* ¶ 11. Accordingly, the district court correctly applied *Bissland* when it determined that the Ordinance passed on December 17, 2024. Thus, the district court correctly granted summary judgment to the City because Appellants' referendum application was not timely filed.[5]

## CONCLUSION

¶10    The Ordinance was passed on December 17, 2024, upon the vote of the Council. Appellants' ballot referendum application, filed on January 23, 2025, was therefore untimely. Consequently, the district court did not err in granting summary judgment to the City. Affirmed.

——————

5. We are not unsympathetic to Appellants in this situation. They were proceeding pro se when they filed the ballot referendum application, and we can understand why they waited until after the development agreements were approved to file the application. But the ballot referendum challenges the Ordinance and not the development agreements, and thus the application was required to be filed within five days after the Ordinance passed on December 17, 2024.